# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **LORI MALLORY**, on behalf of herself and all others similarly situated, | CASE NO. |
| Plaintiff, | JUDGE |
| vs. | MAGISTRATE JUDGE |
| **ACLARA SMART GRID SOLUTIONS, LLC,** | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| Defendant. | **JURY DEMAND ENDORSED HEREON** |

Plaintiff Lori Mallory ("Plaintiff"), on behalf of herself and all others similarly situated, for her Complaint against Defendant Aclara Smart Grid Solutions, LLC ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly situated" persons who may join this case pursuant to §216(b).

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

## PARTIES

5. Plaintiff is an adult individual residing in Columbus, Ohio, in Franklin County.

6. Within the three years preceding the filing of this Action, Plaintiff was employed by Defendant.

7. At all relevant times, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

8. Defendant is a for-profit Delaware corporation that is registered as a foreign corporation in Ohio. Defendant can be served through its statutory agent: Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

9. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

10. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Plaintiff's written Consent to Join this Action is attached hereto.

## FACTUAL ALLEGATIONS

13. Defendant provides infrastructure solutions to gas, water, and electric utilities throughout the United States. As part of its infrastructure solutions, Defendant offers its customers communications infrastructure and meter deployment services.

14. Defendant employs Customer Service Representatives as "independent contractors" to perform virtual call center services remotely from their homes.

15. On or about October 14, 2019, Plaintiff was hired by Defendant as a Customer Service Representative to perform call center services for Defendant's customers. Plaintiff was hired by Defendant as an "independent contractor," and Plaintiff worked remotely from her home. Plaintiff's employment relationship with Defendant terminated on or about December 19, 2019.

16. Plaintiff and other similarly situated employees are not paid an hourly wage by Defendant. Rather, Defendant paid Plaintiff and other similarly situated employees $1.50 per inbound or outbound phone call they made. Defendant did not pay Plaintiff and other similarly situated employees one and one-half times their regular rate of pay for hours worked in excess of 40 hours per workweek.

17. Although Defendant classified Plaintiff and other similarly situated employees as independent contractors, the economic reality was that Plaintiff and others similarly situated were employees of Defendant.

18. The duties Plaintiff and other similarly situated employees performed for Defendant were an integral part of Defendant's business, as they interfaced directly with Defendant's customers to handle customer inquiries, schedule installations, and resolve customer complaints.

19. Defendant gave Plaintiff and other similarly situated employees a weekly work schedule defining the times that they were required to be logged into Defendant's computer system and available to take calls. Defendant also scheduled Plaintiff and other similarly situated employees' lunch breaks, and required them to request permission to take an unpaid rest break.

20. If Plaintiff or any other similarly situated employees were unable to work an assigned shift, they had to contact their supervisor to request time off, just as an employee would.

21. Plaintiff's and other similarly situated employees' positions with Defendant did not require any unique or highly specialized skill, and whatever training was necessary for Plaintiff and other similarly situated employees to perform their job duties was provided by Defendant.

22. Plaintiff and other similarly situated employees were not required to make any investment in specialized equipment to perform their job duties. Rather, they simply used their own computer and phone connection to log in remotely to Defendant's computer network, and used Defendant's software applications to perform their job duties.

23. In contrast, Defendant has invested substantial amounts of money implementing, configuring, and maintaining the software applications Plaintiff and other similarly situated employees used to perform their job duties, and will continue to do so.

24. Because Plaintiff and other similarly situated employees are dependent on calls being assigned to them from Defendant, they do not have the opportunity to increase their opportunities for profit or loss through managerial skill.

25. Defendant also has the right to control the manner in which Plaintiff and other similarly situated employees perform their work by, among other things, requiring them to follow Defendant's processes for handling phone calls, and requiring them to meet Defendant's quality and productivity expectations.

26. Furthermore, although Plaintiff and other similarly situated employees were paid on a per-call basis, they were required to be available to take a call at any time during their scheduled shift, and to be logged into Defendant's "queue" for calls even if there were no calls in the queue. Consequently, Plaintiff and other similarly situated employees were not permitted to effectively use for their own purpose the time they spent waiting for calls to be assigned, nor were they paid for this time.

27. Accordingly, Plaintiff and other similarly situated employees were improperly classified as independent contractors, and should have been classified as non-exempt employees under the FLSA, thereby making them entitled to be paid the minimum wage, and one and one-half their regular rates of pay for hours worked in excess of 40 per week.

28. During periods of low call volume, Defendant paid Plaintiff and other similarly situated employees less than the minimum wage.

29. Plaintiff and other similarly situated employees regularly worked over 40 hours per workweek in the three years preceding the filing of this Action.

30. Defendant failed to pay Plaintiff and other similarly situated employees overtime compensation for all of the hours they worked in excess of forty (40) each workweek.

31. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

32. Upon information and belief, Defendant failed to make, keep, and preserve records of the work performed by Plaintiff and other similarly situated employees.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

34. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All current and former Customer Service Representatives who worked for Defendant at any time from three (3) years preceding the date of the filing of this Action to the present, and who were classified as independent contractors who were paid on a per-call basis.**

5

35. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

36. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (FLSA Minimum Wage Violations)

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Plaintiff brings this claim for violation of the FLSA's minimum wage provisions on behalf of herself and other similarly situated employees who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

39. The FLSA requires that Defendants compensate employees at minimum wages for all hours worked.

40. Defendants failed to compensate Plaintiff and other similarly situated employees at minimum wages. By engaging in that practice, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

41. As a result of Defendant's violations of the FLSA, Plaintiff and other similarly situated employees were injured in that they did not receive minimum wages due to them pursuant to the

FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid minimum wages" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## COUNT TWO
### (FLSA Overtime Violations)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Plaintiff and other similarly situated employees regularly worked over 40 hours per workweek in the three years preceding the filing of this Action.

44. Defendant failed to pay Plaintiff and other similarly situated employees overtime compensation for all of the hours they worked in excess of forty (40) each workweek.

45. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

46. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 516.2(a)(7).

47. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

48. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff and any opt-in plaintiffs who join this case pursuant to 29 U.S. C. § 216(b);

C. Award Plaintiff and the putative class actual damages for unpaid wages;

D. Award Plaintiff and the putative class liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the putative class;

E. Award Plaintiff and the putative class pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the putative class attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the putative class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
614 West Superior Avenue, Suite 1148
Cleveland, Ohio 44113
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: jmoyle@ohlaborlaw.com

Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage St., N.W., Suite D
Massillon, Ohio 44646
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

*Counsel for Plaintiff*

# JURY DEMAND

Plaintiffs demands a trial by jury on all eligible claims and issues.

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle
*One of the Attorneys for Plaintiff*